```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOY D. SMART,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:10CV42**
                                               **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on March 15, 2010, the Court referred this Social Security action to United States Magistrate Judge James E. Seibert with directions to submit proposed findings of fact and a recommendation for disposition.

On December 6, 2010, Magistrate Judge Seibert filed his Report and Recommendation ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of

the right to appeal from the judgment of this Court. The parties did not file any objections.[1]

Upon consideration of the magistrate judge's recommendation, and having received no written objections, the Court accepts and approves the R&R and **ORDERS** Magistrate Judge Seibert's R&R accepted in whole and this civil action disposed of in accordance with the recommendation of the Magistrate. Accordingly, this civil action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record and to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

DATED: January 4, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Smart's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).